FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ APR 17 2019 ★
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
SHARON ROMONOYSKE,

    Plaintiff,
-v-                                          Case No. 18-cv-7138 (SFJ)(SIL)
                                                          **Order**

ALLTRAN FINANCIAL, LP,

    Defendant.
------------------------------------------------------X
FEUERSTEIN, S., Senior District Judge:

    Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant moves to dismiss this case brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* (*see* ECF No. 13; hereafter, the "Dismissal Motion"), which the Plaintiff opposes (*see* ECF No. 13-4; hereafter, the "Opposition"). At its April 17, 2019 Initial Conference in this case, the Court denied the Dismissal Motion; this Order elucidates its reasoning.

    The Court assumes the parties' familiarity with the facts and procedure background of the case. Upon consideration of the Dismissal Motion, the Opposition, and the subject collection letter (*see* ECF No. 1-1; hereafter, the "Letter"), and accepting as true all of the factual allegations in Plaintiff's Complaint (*see* ECF No. 1), *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572 (2007), and viewing the Letter from the perspective of the least sophisticated consumer, *see Kolbasyuk v. Capital Mgmt. Servs, LP*, 918 F.3d 236, 239 (2d Cir. 2019)(articulating the least sophisticated consumer standard), Plaintiff's Complaint states a plausible claim of FDCPA violations, *see Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

    Specially, the Letter demands payment of the "current amount due" "[a]s of the date of [the] letter" and instructs Plaintiff to call her "account representative" to obtain "further information about [her] balance." (Letter.) Plaintiff alleges that under these circumstances, the

1

Letter can reasonably be read by the least sophisticated consumer to have two or more meanings, whereas only one such meaning can be accurate. (*See* Compliant, ¶31.) Reading the Letter as a whole, *see McStay v. I.C. Sys., Inc.*, 308 F.3d 188, 191 (2d Cir. 2002) (instructing that collection letters are to be analyzed as a whole), and given the confluence of those components of the Letter, especially the inclusion of the phase "[f]or further information about your balance," the least sophisticated consumer could read the Letter to mean either that she owed $2,094.86 or that a different amount was due. *Cf., e.g., Chuway v. Nat'l Action Fin. Serv. Inc.*, 362 F.944, 949 (7th Cir. 2004)(concluding that dunning letter which stated a balance, but which also included instruction to call a toll-free number "[t]o obtain your most current balance information," to be unclear), *quoted with approval, Taylor v. Fin. Recovery Servs.*, 886 F.3d 212, 215 n.1 (2d Cir. 2018), *with McAdams v. Stoneleigh Recovery Assocs., LLC,* No. 16-cv-5517, 2018 WL 7982269, at *4 (E.D.N.Y. Sept. 27, 2018)(comparing collection letter with "letter in *Chuway* [which] strongly implied that the ... 'balance' listed would be increasing ...,'" and finding the term "Current Account Balance" used in collection letter in connection with a static debt, *without more*, to be "insufficient to render that statement misleading"). In this instance, since both proffered readings of the Letter are reasonable, but only one can be correct, the Complaint states a plausible claim that Defendant violated the FDCPA.

Accordingly, IT IS HEREBY ORDERED that the Dismissal Motion is denied. A further Status Conference is scheduled in this case for May 16, 2019 at 11:15 a.m. in Courtroom 1010 of the Central Islip Federal Courthouse.

SO ORDERED this 17th day of April 2019 at Central Islip, New York.

/s/ *Sandra J. Feuerstein*
Sandra J. Feuerstein
United States District Judge